Liu v. Holder

BIA
Hom, IJ
A088 663 118

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of May, two thousand eleven.

PRESENT:
> ROBERT A. KATZMANN,
> RICHARD C. WESLEY,
> DENNY CHIN,
>     *Circuit Judges.*

_____

DING HONG LIU,
> *Petitioner,*

> v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

10-2757-ag
NAC

FOR PETITIONER: David A. Bredin, New York, New York.

FOR RESPONDENT: Tony West, Assistant Attorney General; Mary Jane Candaux, Assistant Director; Laura M.L. Maroldy, Trial Attorney, Office of Immigration Litigation, Washington D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ding Hong Liu, a native and citizen of China, seeks review of the June 18, 2010 decision of the BIA affirming the September 11, 2008 decision of Immigration Judge ("IJ") Sandy Hom denying his application for asylum, withholding of removal, and CAT relief. *In re Ding Hong Liu*, No. A088 663 118 (B.I.A. June 18, 2010), *aff'g* No. A088 663 118 (Immig. Ct. N.Y. City Sept. 11, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review both the BIA's and IJ's opinions. *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008); *Shu Wen Sun v. BIA*, 510 F.3d 377, 379 (2d Cir. 2007). "We defer to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*

2

*v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008).  For asylum applications governed by the REAL ID Act, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his account, and inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64.

Substantial evidence supports the agency's adverse credibility determination.  In finding Liu not credible, the IJ reasonably relied in part on Liu's unresponsive demeanor while testifying about his claim for relief based on his membership in an underground church in China.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005). The IJ also reasonably relied on inconsistencies in the record regarding whether Liu had ever been arrested and when government officials had raided his underground church.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin*, 534 F.3d at 163-64, 166-67.  Moreover, a reasonable fact finder would not be compelled to credit Liu's explanations for these inconsistencies.  *See Majidi*, 430 F.3d at 80-81.  Thus, we find no error in the agency's denial of Liu's application

3

for asylum, withholding of removal, and CAT relief on credibility grounds insofar as those claims were based on his purported membership in an underground church, *see Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006), and we need not consider his additional arguments related to those claims for relief.

As to Liu's claim that he fears persecution and torture for having illegally departed China, the agency reasonably noted that punishment for violating a generally applicable criminal law does not constitute persecution. *See Saleh v. U.S. Dep't of Justice*, 962 F.2d 234, 239 (2d Cir. 1992). Moreover, we have held that an applicant, such as Liu, cannot demonstrate that he will more likely than not be tortured "based *solely* on the fact that [he] is part of the large class of persons who have left China illegally" and on generalized evidence indicating that torture occurs in Chinese prisons. *mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 160 (2d Cir. 2005) (emphasis in original). Accordingly, we find no error in the agency's denial of Liu's application for relief insofar as it was based on his purportedly illegal departure from China.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of

4

removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk